**In the Matter of Darrell E. FELLING.**

**No. 84S00–9508–DI–1001.**

Supreme Court of Indiana.

May 8, 1997.

John H. Caress, Sr., Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

The respondent, Darrell E. Felling, is an attorney who has been licensed to practice law in Indiana since 1972. The Indiana Supreme Court Disciplinary Commission charged the respondent with a single count of professional misconduct arising out of his representing an estate. Before us now is an agreement submitted by the parties pursuant to Admission and Discipline Rule 23 § 11(c). It sets forth the facts the parties believe will be adduced in a hearing and proposes a thirty day suspension as the appropriate discipline. We have decided to approve the agreement. The parties agree as follows:

On January 4, 1989, the respondent opened a supervised estate and was appointed personal representative. The estate was closed on May 27, 1993. During his tenure as personal representative and attorney for the estate, the respondent issued or caused to be issued several checks, totaling $24,574, from the estate to himself. He did not seek or receive approval from the court prior to withdrawing the funds [1]. He disclosed these withdrawals in the final accounting filed on July 20, 1990. On April 28, 1993, the court approved an amended final accounting the respondent had filed on March 20, 1993. The court authorized attorney and personal representative fees in the amount of $20,692.77. Prior to the court's action, the respondent repaid the estate the $3,781.24 difference between the fees he had withdrawn and the approved fees.

■ By withdrawing funds without requesting or receiving authorization, the respondent violated Ind.Professional Conduct Rule 3.4(c) which prohibits an attorney from knowingly disobeying an obligation under the

---

1. I.C. 29–1–10–13 provides, among other things, that an attorney performing services for the estate shall have such compensation as the court shall deem just and reasonable. The statute further states that "(S)uch compensation may be allowed at the final settlement; but at any time during administration a personal representative or his attorney may apply to the court for an allowance upon the compensation of the personal representative and upon attorney's fees."

rules of a tribunal.[2] Further, the respondent's conduct is prejudicial to the administration of justice and violates Prof.Cond.R. 8.4(d).

 Upon finding that the respondent has engaged in misconduct, we must now evaluate the proposed disciplinary sanction, a suspension from the practice of law for a period of thirty (30) days. In this process we consider several mitigating factors submitted by the parties.[3] This is the respondent's first disciplinary action in more than twenty-four years of practice. He worked with the grievant's attorney toward resolution of this estate and voluntarily paid the grievant's attorney fees incurred as a result thereof. The parties also state that a large portion of the attorney fee overcharge occurred as *the* result of a clerical error made by an investment banking firm of some $22,000 in the valuation of certain stock for the estate. There is no excuse, however, for withdrawing any amount of fees without first obtaining court approval.

With these considerations in mind, we find that the proposed suspension for a period of thirty days is appropriate under the circumstances of this case. It is, therefore, ordered that the agreement of the parties is accepted and the respondent, Darrell E. Felling, is suspended from the practice of law for a period of thirty (30) days, beginning June 9, 1997. Costs of this proceeding are assessed against the respondent. Upon the conclusion of the period of suspension and upon his satisfying fully the costs assessed against him, the respondent shall be reinstated automatically.

The Clerk of this Court is directed to give notice of this action pursuant to Admis.Disc.R. 23, § 3(d) and to provide to the Clerk of the United States Court of Appeals for the Seventh Circuit, to the Clerk of each of the Federal District Courts in this state, and to the Clerk of the United States Bankruptcy Court in this state the respondent's

last known address as reflected in the records of the Clerk.

---

**2.** *See id.*

**3.** American Bar Association Model Standards for Imposing Lawyer Sanctions, Standard 9.3, provides that factors which may be considered in

mitigation include, among others, absence of prior disciplinary record, absence of a dishonest or selfish motive, and timely and good faith effort to make restitution or to rectify the consequences of misconduct.